**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-14084-CR-MARTINEZ/LYNCH**

UNITED STATES OF AMERICA,

     **Plaintiff,**

v.

**LANCE CHRISTOPHER JENSEN,**

     **Defendant.**

_____/



**REPORT AND RECOMMENDATION ON DEFENDANT'S**
**ADMISSIONS TO VIOLATIONS 1 THROUGH 5 AS SET FORTH IN THE**
**PETITION FOR VIOLATIONS OF SUPERVISED RELEASE**

**THIS CAUSE** having come on to be heard for a preliminary hearing and final hearing in respect to the pending Petition Alleging Violations Of Supervised Release and this Court having conducted a hearing wherein the Defendant advised this Court that he wished to admit Violations Numbers 1 through 5 of the Petition, this Court recommends to the District Court as follows:

     1.    The Defendant appeared before this Court on August 9, 2013 for a preliminary and final hearing in respect to a Petition Alleging Violations Of Supervised Release. That Petition alleges the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On May 13 and 15, 2013, the defendant submitted urine specimens which tested positive for the presence of cocaine in our local laboratory, and subsequently confirmed positive by Alere Toxicology Services, Inc. The defendant signed the admission of drug use form admitting to cocaine use on or about May 13, 2013. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 6, 10, 17 and 19, 2013, the defendant |

submitted urine specimens which tested positive for the presence of cocaine in our local laboratory, and subsequently confirmed positive by Alere Toxicology Services, Inc. The defendant signed the admission of drug use form admitting to cocaine use on or about June 4, 2013.

**Violation Number 3**    **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance.  On June 24, 2013 and July 2, 2013, the defendant submitted urine specimens which tested positive for the presence of cocaine in our local laboratory, and subsequently confirmed positive by Alere Toxicology Services, Inc.

**Violation Number 4**    **Violation of Mandatory Condition**, by failing to submit to drug testing.  On July 12, 2013, the defendant failed to submit to drug testing as scheduled by Code-A-Phone.

**Violation Number 5**    **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance.  On July 15, 2013, the defendant submitted a urine specimen which initially tested positive for the presence of cocaine in our local laboratory.  On July 22, 2013, the defendant signed the admission of drug use form admitting to using cocaine on July 12, 2013.

2.    After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1 through 5 inclusive as set forth in the Petition.

3.    The government announced the possible maximum penalties which the Defendant was facing.  The Defendant stated that he understood those penalties.  This Court questioned the Defendant and made certain that he understood his rights in regards to an evidentiary hearing in respect to the violations contained in the Petition.  Further, the Defendant acknowledged that he understood his rights in that regard and further

2

understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

4.      This Court detained the Defendant pending sentencing and will issue a separate Detention Order.  All parties agreed that the Defendant needs to continue with his substance abuse counseling and this Court stated on the record that if a bed becomes available at the CARP in-residence facility in West Palm Beach, which is a contract facility of the federal government, this Court would consider allowing the Defendant to attend that program.  In the meantime, both counsel for the government, counsel for the Defendant and the Defendant all stated that they have no objection to the District Court conducting the sentencing hearing in this case when Judge Martinez is next in Fort Pierce on Tuesday, August 13, 2013.  In the event that Judge Martinez' calendar does not permit final disposition and sentencing in this matter on that date, all parties agreed that sentencing could be conducted in Miami at a time convenient to Judge Martinez subsequent to August 13, 2013.  The intent of the parties is to attempt to have this matter presented for sentencing before Judge Martinez prior to Judge Martinez' next Fort Pierce calendar subsequent to August 13, 2013.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 through 5 inclusive under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 1 through 5 inclusive as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E.

3

Martinez, the United States District Judge assigned to this case.  Pursuant to Federal

Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's

right to review and bars the parties from attacking on appeal any legal rulings and factual

findings contained herein.

**DONE AND SUBMITTED** this _____ day of August, 2013, at Fort Pierce,

Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Theodore M. Cooperstein
AFPD Fletcher Peacock
U. S. Probation
U. S. Marshal

4